This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42595**

**STATE OF NEW MEXICO,**

>       Plaintiff-Appellant,

v.

**LIONEL BERKELEY FISKE,**

>       Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clara Moran, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Taylor V. Bui, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**      This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** The State appeals from the district court's order granting Defendant's motion to suppress. The sole issue on appeal is whether the State's thirty-five-month delay in obtaining a search warrant for the contents of Defendant's camera and computer was unreasonable, in violation of the Fourth Amendment of the United States Constitution.

**BACKGROUND**

**{3}** The facts, as found by the district court, are undisputed. On October 20, 2020, Defendant's former wife, Ms. Tafoya, was told by her minor daughter that she had discovered a GoPro camera in the bathroom. When Ms. Tafoya confronted Defendant about the camera, he refused to answer her questions, but handed her the camera. Ms. Tafoya and her daughter immediately moved out and went to a relative's house. On October 23, 2020, Ms. Tafoya met police at the marital residence where she retrieved the camera and a personal computer from the living room of the house and turned them over to police. [RP 74]

**{4}** Detective Patricia St. Onge, of the Child Exploitation Detail Unit (CEDU) testified that she collected the computer and the camera from Ms. Tafoya. She did not obtain a warrant prior to seizing the items because she believed there was exigent circumstances due to the potential for destruction of evidence. [RP 75-76] Detective St. Onge intended to get a search warrant after seizing the items, but the case was later reassigned, and other cases came in, so she simply did not get to it. [RP 76] Police ultimately sought and obtained a search warrant for the items on September 19, 2023. [RP 74]

**{5}** Defendant filed a motion to suppress arguing in relevant part that the thirty-five-month delay between the seizure of the items and the application for the search warrant violated his rights under the Fourth Amendment. [RP 52] Following a hearing, at which Ms. Tafoya and Detective St. Onge were the only witnesses, the district court entered an order suppressing the evidence that contained comprehensive factual findings. [RP 73-79] After weighing the various interests, the district court concluded that "law enforcement did not establish a legitimate basis for the three-year delay in obtaining a search warrant." [RP 90]

**DISCUSSION**

**{6}** "Appellate review of a district court's decision regarding a motion to suppress evidence involves mixed questions of fact and law." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. When "[t]he parties do not dispute the pertinent facts," *State v. Tapia*, 2018-NMSC-017, ¶ 10, 414 P.3d 332, "[w]e then review the application of the law to those facts, making a de novo determination of the constitutional reasonableness of the search or seizure." *State v. Martinez*, 2018-NMSC-007, ¶ 8, 410 P.3d 186 (internal quotation marks and citation omitted).

**{7}** The law relevant to this appeal was recently set out by this Court in *State v. Padilla*, 2024-NMCA-073, ¶ 10, 556 P.3d 588, *cert. denied* (S-1-SC-40522, Sept. 23,

2024). In *Padilla*, we recognized that "a temporary warrantless seizure of a container (be it luggage or a computer) supported by probable cause and designed to prevent the loss of evidence is constitutional so long as 'the police diligently obtained a warrant in a reasonable period of time.'" *Id.* ¶ 11 (quoting *Ill. v. McArthur*, 531 U.S. 326, 334 (2001)). "In determining whether a delay in obtaining a warrant is reasonable, the Fourth Amendment requires courts to 'balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" *Id.* (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)).

**{8}** The State challenges the district court's weighing of the relevant factors and argues that it erred in concluding the length of delay alone rendered the seizure of the items unreasonable. [BIC 10, 12-13] To address this argument, we first evaluate the strength of Defendant's interests. *See id.* ¶ 12. The seized items were a GoPro camera, originally used by the family for home security, and Defendant's personal computer. [RP 86] The district court found that Defendant had a greater possessory interest in his computer than in the camera. [RP 86] *See id.* (recognizing "the significant role that computers play in both the personal affairs and the business affairs of their owners," and noting that "courts uniformly have held that seizure of a computer invades an individual's possessory interests under the Fourth Amendment"). And, while noting that "[t]here is . . . no bright line past which a delay becomes unreasonable," the district court recognized that the nearly three-year period in which the State retained the property without securing a warrant constituted a meaningful interference with Defendant's possessory interests. [RP 82-85] *See id.* ¶ 11 (internal quotation marks and citation omitted).

**{9}** Nevertheless, Defendant's possessory interest in both items was diminished in this case. [RP 86-88] Court have recognized a diminished possessory interest in computer devices under circumstances where "the computer is taken from another person rather than directly from the possession of the defendant; when the computer's contents lack password protection or other security; and when the individual fails to make diligent efforts to have the computer returned." *Id.* ¶ 13. Defendant's computer was password protected; however, both the computer and the camera were turned over to police by Ms. Tafoya, and they were apparently shared with the other members of the family. [RP 86-88] Additionally, Defendant apparently made no effort to retrieve the items while they were in State custody. *See id.*

**{10}** We next consider the State's interests. *See id.* ¶ 15. With respect to the camera, the district court found a strong State interest based on the probable cause to believe that it contained child pornography. [RP 86] *See id.* ("[A] government interest based on probable cause to believe a computer contains child pornography . . . weighs more heavily in favor of the government than a seizure made with only reasonable suspicion."). The State does not assert that the same probable cause existed for the computer, instead arguing that Defendant's possessory interest in the computer was minimal, as it was used by others, and Defendant made no claim that it was needed for

work or other purposes. *See id.* ¶ 11 (noting the significant role computers play in personal and business affairs).

**{11}**   However, even where a defendant's possessory interest in the seized property is diminished, in conducting the prescribed balancing test, we are required to consider "whether law enforcement diligently pursued their investigation during the time period at issue." *Id.* ¶ 15 (internal quotation marks and citation omitted). This inquiry looks for "evidence of careful, attentive police work." *Id.* (internal quotation marks and citation omitted). "If the delay occurred because investigators pursued other assignments or because law enforcement was short-handed, courts look to whether the focus on other work was supported by legitimate law enforcement interests, and whether there were other personnel who readily could have taken over and obtained the warrant." *Id.* ¶ 16

**{12}**   In *Padilla*, we considered whether a nineteen-day delay in obtaining a warrant was reasonable after the seizure of a tablet based on probable cause to believe it contained child pornography and in which the defendant had a diminished possessory interest. *See id.* ¶¶ 10-23. In determining that the delay was reasonable, we found it significant that after seizing the tablet, the agent immediately drafted an affidavit in support of the search warrant and then acted to investigate and confirm the accuracy of the evidence included in the warrant application throughout the nineteen-day period. *See id.* ¶ 18. Moreover, when the agent was not actively pursuing the investigation during that time, "the agent was paying attention to other legitimate law enforcement commitments." *Id.* ¶ 21. We therefore concluded that the evidence did not demonstrate an indifference to the defendant's rights by police or "the complete abdication of [their] work or failure to see any urgency." *Id.* (discussing *United States v. Mitchell*, 565 F.3d 1347, 1351 (11th Cir. 2009), in which the court concluded that a twenty-one-day delay in obtaining a search warrant for a computer was unreasonable where the agent failed to offer any law enforcement justification for the delay).

**{13}**   In this case, as the district court found, "the State did not attempt to explain what happened over the course of three years until a search warrant was requested." [RP 89] Additionally, there was apparently no action taken by the CEDU to investigate the suspected manufacture of illicit images during the thirty-five-month delay. [RP 89] In fact, the State conceded below that "there was no valid reason for the delay." [RP 85] Accordingly, even considering Defendant's diminished possessory interests in the camera and the computer, the circumstances in this case stand in stark contrast to the law enforcement diligence found to justify a considerably shorter delay in *Padilla*.

**{14}**   For these reasons, we affirm the district court's conclusion that the State's thirty-five-month delay was constitutionally unreasonable.

**{15}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**GERALD E. BACA, Judge**